■ EDGAR V. BEALS, Appellant, v. FRED H. VOGHT et al., Individually and as Copartners Doing Business as VOGHT'S GARAGE, Respondents.— Appeal from a dismissal of the complaint at the end of the plaintiff's case on the ground of failure to establish a cause of action. The complaint alleged the defendants were negligent in repairing his automobile and breached a contract existing between them. The testimony adduced at the trial showed that plaintiff was the owner of a 1949 Nash automobile and that on May 14, 1955, while traveling on the Thruway the automobile became disabled due to engine trouble and which necessitated it being taken to the defendants' garage for repairs. After some conversations between the parties, the work was undertaken and repairs were made to the engine block, rods, bearings and other items with the understanding that the defendants would not guarantee the work done on the block. When the work was completed the plaintiff went to the garage, paid for the repairs and drove the automobile some 70 miles to Syracuse where he left it out in the open for some weeks and according to his testimony, it was not driven during that period. Eventually he drove the automobile from Syracuse to the vicinity of Albany where he again experienced engine trouble and it was repaired by an Albany garage. A mechanic from that garage testified at the trial and in substance stated that the trouble and damage to the motor was due to a leak of oil caused by a hole in the pan and that the trouble was between the No. 2 and No. 3 rods. His testimony did not establish the damage was caused by any work or failure on the part of the defendants. The plaintiff testified that on the occasion of driving from Syracuse to Albany he had stopped

and the car had been greased and the oil checked. Exhibits were offered as to the statements of both garages. In examining the testimony, if there is any evidence in the record — direct or circumstantial — from which the defendants' negligence might be reasonably inferred, it was a jury case and error to dismiss the complaint. (*Lubelfeld* v. *City of New York*, 4 N Y 2d 455, 460.) Giving the plaintiff the full intendment of the rule we fail to perceive where he has established a prima facie case on either theory of his complaint. There is no affirmative evidence from which a verdict for the plaintiff would be proper or justified. His own witnesses establish that the damages could be the result of several causes. When or how the hole in the pan of the automobile was caused is a sheer guess and the plaintiff failed to prove any facts sufficient to sustain the cause of action set forth in his complaint. Judgment and order unanimously affirmed, without costs.